UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALLSTATE INSURANCE COMPANY,

                Plaintiff,

-against-

VIVIANE ETIENNE, M.D., et al.,

                Defendants.
-------------------------------------------------------------x

MEMORANDUM
AND ORDER

09-CV-3582

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On the eve of the deadline for amending the pleadings as of right, see 9/21/09 Minute Entry (setting January 22nd deadline for amending the pleadings), plaintiff wrote to the Court to request that that deadline be extended until March 1, 2010. See Letter to the Court from Barry Levy (Jan. 21, 2010). In support of that request, plaintiff cited defendants' objections to the production of bank records, as well as defendants' failure to respond to plaintiff's document demands and interrogatories. See id. at 1.

Plaintiff's request is granted in limited part only. The date for amending the pleadings (by all parties) is extended to February 8, 2010. A longer extension is unwarranted for several reasons. First, despite plaintiff's assurance that a motion to compel discovery responses from defendants would be filed by the morning of January 22, 2010, see id., no such motion has been forthcoming; the Court therefore presumes that defendants have now served their discovery responses. Second, by citing defendants' objections to the production of bank records, plaintiff implies that it is awaiting the production of those records and, by further

implication, the Court's ruling on defendants' motions to quash the bank subpoenas. However, plaintiff is putting the proverbial cart before the horse. Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the Court's assessment of the parties' respective relevance arguments turns on the parties' "claim[s]" and "defense[s]," Fed. R. Civ. P. 26(b)(1); the Court may order broader discovery, "relevant to the *subject matter* involved in the action," only for good cause shown. Id. (emphasis added) Therefore, in ruling on the pending motions to quash, the Court must consider, as an initial matter, the nature of the claims asserted by plaintiff.

Having interviewed at least one physician who performed testing at several of the defendant locations, see Reply in Opp'n to Mot. to Quash (Jan. 7, 2010), at 1 n.1, plaintiff presumably is in a position to amend its complaint at this time. To the extent that information hereafter uncovered by plaintiff during discovery warrants the addition of new claims and defendants, plaintiff may then seek leave of the Court to further amend its pleading.

Finally, the Court notes that contrary to its individual rules and its instructions at the initial conference, both sides have sought modifications of the Court's scheduling order without first conferring with opposing counsel. In addition to plaintiff's request to extend the deadline for amending its pleading, and a similar request by defendant Dr. Tsirlin, see Letter to the Court from Mark L. Furman (Jan. 22, 2010), defendant Dr. Kim has asked that discovery be extended through September 30, 2010. See Letter to the Court from Richard A. Kraslow (Jan.

25, 2010). Dr. Kim's request is denied without prejudice. The parties are directed to confer and, by February 11, 2010, to submit either a joint proposed request to extend discovery or an application that sets forth the various parties' respective positions on the extension request.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**February 1, 2010**

            **ROANNE L. MANN**
            **UNITED STATES MAGISTRATE JUDGE**