**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**ALLSTATE INSURANCE COMPANY,**

                     **Plaintiff,**

          **-against-**

**VIVIANE ETIENNE, M.D., et al.,**

                     **Defendants.**
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**09-CV-3582**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       This Memorandum and Order is intended to clarify the status of a motion to quash filed by defendants Richard Dominick Berardi, Jr., D.O., Arco Medical NY, PC, and Neomy Medical PC, (collectively, the "Berardi defendants") on December 21, 2009. See Motion to Quash (docketed Dec. 21, 2009) ("Berardi Motion"), ECF Docket Entry ("D.E.") #95. For the reasons that follow, the Berardi motion is either denied as moot (if resolved by the parties) or denied with certain conditions.

       On December 15, 2009, defendants Viviane Etienne Medical Care, P.C., V.E. Medical Care, P.C., and Jamaica Dedicated Medical Care, P.C. (collectively, the "Etienne PCs") filed a motion to quash a third-party subpoena served on a financial institution for bank records. See Motion to Quash (docketed Dec. 17, 2009) ("Etienne Motion"), ECF Docket Entry ("D.E.") #91. The following week, the Berardi defendants joined the Etienne motion to quash an identical third-party subpoena for their bank records. See Berardi Motion. Thereafter, plaintiff Allstate Insurance Company ("plaintiff") filed a motion to compel discovery responses from the Berardi defendants. See Letter Motion to Compel (April 9, 2010), D.E. #123. One week later, the Berardi defendants informed the Court that an agreement had been reached with

plaintiff resolving certain discovery issues.  See Letter to the Court (April 16, 2010), D.E. #130.  The Court mistakenly assumed that the Berardi motion to quash the subpoena had also been resolved.

On April 30, 2010, this Court issued a Memorandum and Order denying the Etienne defendants' motion to quash, but requiring that the subpoenaed records first be produced to the Etienne defendants, who, before producing the bank records to plaintiff, were permitted to redact them to exclude transactions not involving other named parties to this litigation.  See Memorandum and Order (April 30, 2010) at 9-10, D.E. #135.  Having erroneously assumed that the parties had resolved the identical Berardi motion, the Court failed to address it in the April 30th Memorandum and Order.

As the parties have not brought the aforesaid omission to the Court's attention, it is likely that they have now resolved the Berardi motion, which therefore is moot.  To the extent that they have not resolved the Berardi motion, the rationale underlying the Court's April 30th Memorandum and Order applies with equal force to that motion.  Therefore, for the reasons articulated in the April 30th Memorandum and Order, the Berardi defendants' motion to quash is similarly denied, on condition that the subpoenaed bank records be produced to the Berardi defendants, who, before disclosing the records to plaintiff, may redact them to exclude transactions not involving named parties to this litigation.

**SO ORDERED.**

Dated:    Brooklyn, New York
          July 13, 2010

                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**