

WWW.RIVKINRADLER.COM

BARRY I. LEVY
PARTNER
(516) 357-3149
barry.levy@rivkin.com

October 25, 2010

**By ECF**
Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Allstate Insurance Company v. Vivianne Etienne, MD, et al.
      Docket No. CV 09-3582 (SLT)(RLM)
      Our File No.: 000999-01007

Dear Judge Townes:

I write on behalf of Plaintiff Allstate Insurance Company ("Allstate") in response to the October 21, 2010 letter (see Docket No. 162) from counsel for the Etienne Defendants. While this letter purports to bring to the Court's attention pertinent authority relating the Etienne Defendants' pending motion to dismiss, the decisions are readily distinguishable and actually demonstrate why the motion should be denied.

The Etienne Defendants point to Greenberg v. Blake, 2010 U.S. Dist. LEXIS 57617 (E.D.N.Y. 2010) and Freund v. Lerner, 2010 U.S. Dist. LEXIS 82549 (S.D.N.Y. 2010), which they contend stand for the proposition that RICO claims should be dismissed where the alleged pattern of racketeering activity is no different from the alleged RICO enterprise. Both of these cases are readily distinguishable from the present case. In Greenberg, the plaintiff's papers were notably:

> silent as to the structure of the Blake-Spencer enterprise, alleging only that they worked together to defraud … . Plaintiff has not set forth any details as to the internal organization of the alleged enterprise; the role either party played; the means or methods by which the enterprise operated; or how the profits were distributed between the parties. Plaintiff points to nothing other than the fact that Blake transferred the properties to Spencer for less than plaintiff asserts they were worth as evidence that the two were in league with each other.

926 RXR Plaza
Uniondale, NY
11556-0926
Tel: 516.357.3000
Fax: 516.357.3333

555 Madison Avenue
New York, NY
10022-3338
Tel: 212.455.9555
Fax: 212.687.9044

21 Main Street • Court Plaza South
West Wing • Suite 158
Hackensack, NJ 07601-7021
Tel: 201.287.2460
Fax: 201.489.0495



Honorable Sandra L. Townes
October 25, 2010
Page 2

Id. at * 6. The Greenberg Court also specifically distinguished Boyle v. United States, 129 S. Ct. 2237 (2009), which abrogated any requirement that the enterprise must be "ascertainably distinct" from the pattern of racketeering activity. 129 S. Ct. at 2244-45; see also Elsevier, Inc. v. W.H.P.R., Inc., 2010 U.S. Dist. LEXIS 16104, at *18-19 (S.D.N.Y. 2010)("An association of individuals can be an enterprise if it is formed for the purpose of engaging in any type of illicit activity ... and it need not have an existence apart from the predicate acts committed by its employees and/or associates"). In particular, the Greenberg Court noted that:

> In Boyle, the Supreme Court distinguished an informal association-in-fact from a more formal business-like entity, but reiterated the requirements that a RICO enterprise have "an ascertainable structure beyond that inherent in the racketeering activity." The informal group that the Supreme Court found constituted an association-in-fact had planned and executed dozens of thefts from bank night-deposit boxes over a nine-year period. In addition to this peculiar target, there was proof that the group gathered before each theft to plan, collect tools, and assign the role that each member would play. If successful, they split the loot. This is far more than the threadbare assertion plaintiff makes that the Court should infer the existence of an enterprise from the transfers of the three properties from Blake to Spencer. Greenberg, at * 21 - * 22.

In contrast with Greenberg, but in keeping with Boyle, Allstate has sets forth considerable detail regarding the structure of the RICO enterprises beyond those inherent in the racketeering activity. For instance, the Complaint alleges that:

(i) Dr. Etienne is the physician who incorporated VEMC, VE, and JDMC, purports to be their sole shareholder, director and officer, and purports to perform and issue reports based on many of the Fraudulent Services alleged in the Complaint, including the Examinations and ROM/Muscle Tests;

(ii) VEMC, VE, and JDMC are independent entities – with different names and tax identification numbers – that were created as vehicles to achieve a common purpose – namely, to facilitate the submission of fraudulent charges to Allstate;

(iii) Choong Kwon Kim, M.D. and Maggie Morr, M.D. falsely purport to be employees of VEMC, VE, and JDMC, purport to perform the Consultations and EDX Tests, and issue false reports relating to the Consultations and EDX Tests to support the fraudulent charges, in order to permit VEMC, VE, and JDMC to bill for and collect no-fault benefits to which they are not entitled;



Honorable Sandra L. Townes
October 25, 2010
Page 3

      (iv)    The Defendants created a fraudulent treatment protocol involving the Examinations, Consultations, ROM/Muscle Tests, and EDX Tests, whereby each step in the protocol is designed to falsely reinforce the rationale for the previous step, and to provide a false justification for the subsequent step – for instance, the Examinations provide a false basis for the Consultations, which provide a false basis for the EDX Tests and falsely reinforce the need for the Examinations, etc.;

      (v)    the carrying out of the Defendants' fraudulent scheme would be beyond the capacity of each member of the Etienne enterprise acting singly or without the aid of the others.

See Complaint at ¶¶40-112, 124-158.

These structural allegations go far beyond merely alleging that "the members of the enterprise dropped fraudulent documents into the mail, and therefore an enterprise must exist". Furthermore, Allstate has alleged that the enterprise engaged in numerous activities beyond the predicate acts of mail fraud (i.e., the pattern of racketeering activity). Specifically, Allstate has alleged that the enterprise: (i) recruits professionals and non-professionals; (ii) deploys those professionals and non-professionals to perform a wide variety of tasks beyond the acts of mail fraud; (iii) creates and maintains patient files; (iv) negotiates and executes a wide variety of contracts; (v) maintains bookkeeping and accounting functions; and (vi) retains lawyers. See Complaint at ¶126. These activities are quite distinct from the act of mailing fraudulent bills to Allstate.

In Freund, as in Greenberg, but in total contrast to the present case, the plaintiff barely attempted to plead any facts to demonstrate the existence of an enterprise. As the Freund Court noted:

> [T]here are insufficient factual allegations to plausibly infer the existence of a RICO enterprise. The only clear statement as to a RICO enterprise is where Plaintiff states, with regard to her § 1962(c) claim, "the natural person and entity defendants together are an enterprise within the meaning of 18 U.S.C. § 1961." … Simply stating in conclusory fashion that all the defendants are an "enterprise within the meaning" of the RICO statute is insufficient, absent some factual allegations in support. Freund at * 18 - * 19.

Far from the situation in Freund, Allstate has not simply stated in conclusory fashion that the Defendants are an association-in-fact enterprise within the meaning of the RICO statute. Rather, as set forth above, it has pleaded a significant number of facts which – together – demonstrate the existence of "an ascertainable structure" including "three structural components: (1) a purpose; (2) a relationship among



Honorable Sandra L. Townes
October 25, 2010
Page 4


those associated with the enterprise; and (3) sufficient longevity to permit these associates to pursue the enterprise's purposes." Freund at * 18, citing Boyle, 129 S. Ct. at 2244.

Simply put, the Greenberg and Freund cases cited by the Etienne Defendants involved plaintiffs who attempted to plead RICO association-in-fact enterprises without alleging any facts that would demonstrate any sort of structure to the alleged enterprises, much less any facts to demonstrate that the alleged enterprises had a purpose, or that their members were related to each other. Allstate's Complaint in the present case stands in marked contrast to these recent cases which are inapposite to the pending motion.

                                      Respectfully submitted,

                                      RIVKIN RADLER LLP

                                      Barry I. Levy

cc:     All counsel via ECF.