

WWW.RIVKINRADLER.COM

**BARRY I. LEVY**
PARTNER
(516) 357-3149
barry.levy@rivkin.com

November 5, 2010

**By ECF**
Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Allstate Insurance Company v. Vivianne Etienne, MD, et al.**
      **Docket No. CV 09-3582 (SLT)(RLM)**

Dear Magistrate-Judge Mann:

Pursuant to the Court's October 25, 2010 Order, I write on behalf of Mr. Furman and myself to provide you with a status report with respect to the settlement discussions between Allstate Insurance Company and the Etienne Defendants.

The settlement conference took place on November 2, 2010 and the issues were discussed for several hours. We made a formal demand but a formal offer was not made. Mr. Furman has requested that we provide the Etienne Defendants with examples of the duplicate electrodiagnostic tests, and has indicated that they will be prepared to meet further to discuss a global resolution once they review them. I advised Mr. Furman last evening that Allstate will be in a position to produce the requested documents once he signs a confidentiality order and it is entered by the Court – this is necessary because the tests which we are providing to illustrate the duplication relate to patients of not only the Etienne Clinics, but also clinics that are unrelated to the Etienne Defendants but were formerly defendants in this case. That order was signed this afternoon and is submitted to the Court to be approved and so-ordered.

As a showing of good faith and in an effort to facilitate settlement, Mr. Furman has agreed to stipulate to a stay of any PIP collection litigation by Viviane Etienne Medical Care, P.C., V.E. Medical Care, P.C. and Jamaica Dedicated Medical Care, P.C. against Allstate involving the services which are being challenged in this action (i.e., initial examinations, digital range of motion and muscle tests, neurological consultations and electrodiagnostic tests) up through and including December 31, 2010. I am going to prepare a stipulation to be executed by Mr. Furman and myself and will present that to the Court on Monday to be so-ordered.

926 RXR Plaza
Uniondale, NY
11556-0926
Tel: 516.357.3000
Fax: 516.357.3333

555 Madison Avenue
New York, NY
10022-3338
Tel: 212.455.9555
Fax: 212.687.9044

21 Main Street ● Court Plaza South
West Wing ● Suite 158
Hackensack, NJ  07601-7021
Tel: 201.287.2460
Fax: 201.489.0495



RIVKIN RADLER℠
ATTORNEYS AT LAW

Honorable Roanne L. Mann
November 5, 2010
Page 2

In order to ensure that progress in this matter continues to be made and that counsel and their clients are responsive to the process, I would request that the Court impose a control date of 2 weeks.

Respectfully submitted,

RIVKIN RADLER LLP

Barry I. Levy (BL 2190)

BIL/lg

cc:     Mark Furman (via ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ALLSTATE INSURANCE COMPANY,

                              Plaintiff,

                                                    Docket No.:
        -against-                                   CV 09-3582 (SLT)(RLM)

VIVIANE ETIENNE, M.D., et al.

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## CONFIDENTIALITY ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over
confidentiality, protect material entitled to be kept confidential, and ensure that protection is
afforded only to material so entitled, it is hereby ORDERED:

1.   **Confidentiality**

        Any person subject to this Order who receives any document, tangible item or
information of any kind provided in the course of this litigation that is designated as
"Confidential Material" pursuant to the terms of this Order shall not disclose such "Confidential
Material" to anyone else except as expressly permitted hereunder

2.   **Production of Documents**

        In order to facilitate prompt and thorough document production, any party (the
"Producing Party") may make available to any other party's (the "Reviewing Party") counsel, at
the offices of their respective counsel, documents to be produced in this litigation, in either paper
or electronic format. The Reviewing Party may designate documents from the files that it seeks
copies of. At such time, the Producing Party's counsel will then review the material sought by
the Reviewing Party for privilege, work product, or other issues and designate any material
CONFIDENTIAL if required. The Producing Party will withhold any material designated as
privileged or work product from the copies produced to defendants, but will accompany such
production with a privilege log identifying the documents withheld.

        The Producing Party's production of the files to the Reviewing Party does not waive any
privileged or protected material. The Producing Party will have 10 business days from the
Reviewing Party's use of any document so produced, whether in a motion, during a deposition,
or any other use permitted in this litigation, to recall such document on the basis that the
document is protected by the attorney client privilege, as attorney work product, or on some
other basis. The Reviewing Party shall not be able to use such document, directly or indirectly,
nor refer to any of the information contained in such document, until the Reviewing Party

    i.    any person designated by the Court in the interest of justice, upon such terms as the Court may deem just and proper;

    ii.    persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

    iii.    outside consultants or experts retained for the purpose of assisting counsel in the litigation; and

    iv.    entities and employees of entities involved solely in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data.

b.    In all such cases where disclosure is to be made to any person or entity listed in Paragraph 4(a) (i) - (iv), such individual or entity must sign the Confidentiality Agreement annexed hereto as Exhibit A. Any individual or entity listed in Paragraph 4(a) (i) - (iv) that refuses to sign Exhibit A shall not be permitted to have access to or view the "Confidential" document. The Attorney making or seeking to make the disclosure shall maintain each executed Confidentiality Agreement in his/her files.

## 5.    **Declassification**

A party (or aggrieved person permitted by the Court to intervene for such purpose) may object to the designation of a document or category of documents as "Confidential" by first stating such objection in writing to the designating party within 60 days after designation. If the parties cannot agree on a proper designation for the document(s) within 10 business days of written notice, the designating party may apply to the Court for a ruling that a document or category of documents designated as "Confidential" is entitled to such status and protection within 20 days thereafter. The objecting party shall be given notice of the application and an opportunity to respond. To maintain protected status, the proponent will have the burden of establishing that the information meets the standards that have evolved under Rule 26(c) and must show by a preponderance of the evidence that there is good cause for the document to have such protection. The document, however, shall maintain its original designation as "Confidential" until the Court resolves the dispute over the applicable designation.

If the designation of "CONFIDENTIAL" is challenged, and the designating party proceeds with an application before the Court, and such documents are deemed "CONFIDENTIAL" in whole or in part, than the designating party is entitled to be reimbursed its counsel fees and expenses arising out of such application, from the date of receipt of the notice of objection to the date of review of the Court's Order on such application. If the designating party loses the application, meaning the Court determines that none of the documents are entitled to a "CONFIDENTIAL" designation, then the objecting party shall be entitled to be reimbursed its counsel fees and expenses arising out of such application, from the date of receipt of the notice of objection to the date of review of the Court's Order on such application.

## 6.    **Use of "Confidential" Documents in a Deposition**

a.      A deponent may during the deposition be shown and examined about a "Confidential" document if the deponent is a party, the author, or a named recipient of the document or if the applicable provisions of paragraphs 4(b) are complied with. If the "Confidential" document is entered as an exhibit to the deposition, it shall be filed and kept under seal. Deponents shall not retain or copy any "Confidential" document that is provided to them during the course of their deposition.

b.      In the event that any question is asked at a deposition that requires the disclosure of "Confidential" information, such question shall nonetheless be answered by the witness fully and completely. At the request of the party designating discovery material as "Confidential," all persons other than the witness, the parties, counsel for the parties, any other person designated in paragraph 4 above, and the court reporter shall leave the room during the time this information is disclosed or discussed. The attorney designating the information as "Confidential" may also contemporaneously notify all other counsel on the record that the information disclosed will be designated as "Confidential" in accordance with Paragraph (6)(c).

c.      Parties (and deponents) may, within 21 days after receiving the official deposition transcript, designate pages of the transcript (and exhibits thereto) as "Confidential." "Confidential" information within the deposition transcript may be designated by underlining the portions of the pages that contain "Confidential" information and marking such pages with the following legend: "CONFIDENTIAL." Until expiration of the 21-day period, the entire deposition will be treated as subject to the protection afforded to "Confidential" documents. If a timely designation is made, the "Confidential" portions and exhibits shall be subject to the terms of this Protective Order and may only be accessed and reviewed in accordance with the terms contained in this Protective Order.

## 7.     Use of "Confidential" Documents at a Hearing or Trial

a.      "Confidential" documents may be offered in evidence at trial or any court hearing, provided that (1) such documents or other information shall be retained under seal by the Court or the trier of fact and be subject to the terms of this Protective Order; and (2) the proponent of the evidence gives five days advance notice, consisting of a statement that "Confidential" documents or information will be presented at the hearing or trial, to counsel for any party or other person that designated the documents as "Confidential." Any party may also move the Court for an order that the evidence be received in camera or under any other conditions to prevent unnecessary disclosure. Nothing contained in this paragraph shall prohibit any party from moving the Court for any other order that the party may deem appropriate.

b.      With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any questions or line of questioning calls for the disclosure of "Confidential" information, counsel may designate on the record prior to such disclosure that such information is subject to the terms of this Protective Order. Subject to further order of the Court, any presentation of "Confidential" information to this Court or prior to trial shall be made in the presence of only the presiding officer and other court personnel, jurors, an authorized court reporter, counsel of record for the parties, the witness who will be questioned on such document(s) at any hearing or trial, and such other person to whom disclosure is permitted under

4

obtains an order from the Court overruling the claim of privilege or protection by the Producing Party.

## 2. Nondisclosure of "Confidential" Documents

a. A "Confidential" document means any document produced in this litigation which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection. For purposes of this Order, the term "Confidential Information" shall mean any information that meets the standards for protection under Rule 26(c) of the Federal Rules of Civil Procedure. For purposes of this Order, the term "document" means all written, recorded or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise and shall include but is not limited to interrogatory answers, transcripts of examinations under oath, transcripts of examinations before trial, responses to requests for admission and other discovery responses that quote, summarize or contain material entitled to protection.

b. Except with the prior written consent of the party or other person originally designating a document produced in this litigation to be stamped as a "Confidential" document, or as hereinafter provided under this Order, no document produced and designated as "Confidential" in this litigation may be disclosed to any person or entity except as set forth in paragraph 4 below.

## 3. Confidentiality of Documents obtained through discovery of non-parties

a. Prior to inspection, review or use, of any document or documents concerning any party (the "Concerned Party"), that were received or obtained pursuant to subpoena, authorization or other legal process upon a third party or non-party in possession or control of such documents or documents, and which the Concerned Party has not produced and therefore not had an opportunity to inspect, review and mark as "Confidential," such documents shall be forwarded to the Concerned Party for its inspection and review, and the Concerned Party shall be provided an opportunity to mark such documents as "Confidential." Upon completion of its inspection and review, but in no event longer than 10 days following receipt thereof, the Concerned Party shall return all documents to the sender.

## 4. Permissible Disclosures of "Confidential" Documents

a. Notwithstanding Paragraph 2, "Confidential" documents may be disclosed to the parties to this action; counsel for the parties in this action; to the partners, associates, secretaries, paralegals, assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons or entities that are clearly identified in the document as an author, addressee, or carbon-copy recipient; to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court); and any other person mutually agreed upon by the parties. Subject to the provisions of Paragraph 4 (b), such documents may also be disclosed to:

the terms of this Order. Prior to the disclosure of any "Confidential" documents or information, the presiding officer or Clerk of the Court shall advise all court personnel, jurors, witnesses and court reporters of the confidential nature of this information and of the duty to maintain the confidentiality of such information.

## 8. Use of "Confidential" Documents and Information in Legal Documents

If any information or documents designated as "Confidential" are filed with this Court, it shall be filed under seal unless the producing party first waives this requirement. If any information designated as "Confidential" is quoted, attached to, or substantially paraphrased in any pleading, motion, memorandum, appendix, or other judicial filing, then the pleading, motion, memorandum, appendix, or other judicial filing shall be submitted in its entirety under seal. Disclosure of any portion of the transcript of a deposition which reflects or contains "Confidential" information or documents shall render the pleading, motion, memorandum, appendix or other judicial filing subject to the terms of this Protective Order and such document shall be filed under seal. Nothing contained herein limits a producing party's use or disclosure of its own discovery material.

## 9. Use

Persons obtaining access to "Confidential" documents under this Order shall use the information only for preparation and trial(s) of this litigation (including any and all subsequent proceedings in this litigation such as appeal), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

In the event that any person or entity referred to in paragraph 4 of this Order is served with legal process or otherwise requested to disclose any confidential information (the "Disclosing Entity") by any person or entity not covered by this Protective Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure.

## 10. Non-Termination

The provisions of this order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, "Confidential" documents and all copies (including summaries and excerpts) shall be returned to the party or person that produced such documents or, at the option of the producer, be destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

## 11. Modification Permitted

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

5

**12.      Responsibility of Attorneys**

The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of "Confidential" documents.

**13.      No Waiver**

a.      Review of the "Confidential" documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

b.      The inadvertent, unintentional, or in camera disclosure of "Confidential" or privileged documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality or privilege, as to the documents themselves, or as to any other documents or information not disclosed. Nothing contained in this paragraph shall prevent a party from moving the Court for an order declaring that a disclosure was inadvertent or unintentional.

c.      The intentional disclosure of a confidential document in a manner in violation of or inconsistent with the terms of this Agreement shall be submitted to the Court for consideration of appropriate sanctions.

d.      Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the "Confidential" documents sought.

November ____, 2010

**RIVKIN RADLER LLP**

By: _____

      Barry I. Levy, Esq.
      926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3000

*Counsel for Plaintiff, Allstate Insurance Compaany*

**HOFFMAN POLLAND & FURMAN PLLC**

By: _____

      Mark L. Furman, Esq.
220 East 42nd Street – Suite 435
New York, New York 10017
Telephone: (212) 338-0700

*Counsel for Defendants,*
*Viviane Etienne, M.D.*
*Viviane Etienne Medical Care, P.C.*
*V.E. Medical Care, P.C.*
*Jamaica Dedicated Medical Care, P.C.,*

6

SO ORDERED:

_____
U.S.M.J.

2301409v2

7

## EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ALLSTATE INSURANCE COMPANY,

                          Plaintiff,

                                                    Docket No.:
          -against-                                 CV 09-3582 (SLT)(RLM)

VIVIANE ETIENNE, M.D., et al.

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### USE OF CONFIDENTIAL INFORMATION AGREEMENT

     I, _____, declare and say that:

    1.    I reside at _____. I am employed with _____ as a(n) _____. My work address is _____ _____.

    2.    I have read the Confidentiality Order entered in *Allstate Insurance Company v. Viviane Etienne, MD. et al.*, pending in the United States District Court for the Eastern District of New York, Docket No. CV 09-3582 (SLT)(RLM), and have received a copy of the Confidentiality Order.

    3.    I represent, promise and agree that I will use any and all Confidential material, Confidential documents and/or Confidential information as defined in the Confidentiality Order, only in the manner authorized by the Confidentiality Order, and only to assist counsel in the litigation of this matter.