Case 1:09-cv-03582-SLT-RLM   Document 201   Filed 01/19/11   Page 1 of 5 PageID #: 2906
Jan. 17. 2011 11:02AM   Richard A. Kraslow P.C.                                No. 0954   P. 2
Case 1:09-cv-03582-SLT -RLM   Document 200-1   Filed 01/18/11   Page 1 of 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
ALLSTATE INSURANCE COMPANY,

        Plaintiff,

                  Docket No.: CV 09-3582
-against-               (SLT)(RLM)

VIVIANE ETIENNE, M.D., et al.,

        Defendants.
------------------------------------------X

## AGREED-UPON PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is hereby ORDERED:

**1. Nondisclosure of "Confidential" Documents**

a. A "Confidential" document means any document produced in this litigation which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection. Among the documents subject to protection under this order are documents bearing the "Confidential" legend that are: medical records, testimony, documents containing patient names or other patient identifying information, and other documents that may be subject to physician patient privileges under applicable federal and state law, including but not necessarily limited to the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). For purposes of this Order, the term "Confidential Information" shall mean any information that meets the standards for protection under Rule 26(c) of the Federal Rules of Civil Procedure. For purposes of this Order, the term "document" means all written, recorded or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise and shall include but is not limited to interrogatory answers, transcripts of examinations under oath, transcripts of examinations before trial, responses to requests for admission and other discovery responses that quote, summarize or contain material entitled to protection.

b. Except with the prior written consent of the party or other person originally designating a document produced in this litigation to be stamped as a "Confidential" document, or as hereinafter provided under this Order, no document produced and designated as "Confidential" in this litigation may be disclosed to any person or entity except as set forth in paragraph 2 below.

Case 1:09-cv-03582-SLT-RLM   Document 201   Filed 01/19/11   Page 2 of 5 PageID #: 2907
Jan. 17. 2011 11:02AM   Richard A. Kraslow P.C.                    No. 0954   P. 4
Case 1:09-cv-03582-SLT -RLM   Document 200-1   Filed 01/18/11   Page 2 of 5

2. **Permissible Disclosures of "Confidential" Documents**

a. Notwithstanding Paragraph 1, "Confidential" documents may be disclosed to the parties to this action; counsel for the parties in this action; to the partners, associates, secretaries, paralegals, assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons or entities that are clearly identified in the document as an author, addressee, or carbon-copy recipient; to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court); and any other person mutually agreed upon by the parties. Subject to the provisions of Paragraph 2 (b), such documents may also be disclosed to:

    i. any person designated by the Court in the interest of justice, upon such terms as the Court may deem just and proper;

    ii. persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

    iii. outside consultants or experts retained for the purpose of assisting counsel in the litigation; and

    iv. entities and employees of entities involved solely in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data.

b. In all such cases where disclosure is to be made to any person or entity listed in Paragraph 2(a)(i)-(iv), such individual or entity must sign the Confidentiality Agreement annexed hereto as Exhibit A. Any individual or entity listed in Paragraph 2(a)(i)-(iv) that refuses to sign Exhibit A shall not be permitted to have access to or view the "Confidential" document. The Attorney making or seeking to make the disclosure shall maintain each executed Confidentiality Agreement in his/her files. [handwritten margin note: (other than court personnel)]

3. **Declassification**

A party (or aggrieved person permitted by the Court to intervene for such purpose) may object to the designation of a document or category of documents as "Confidential" by first stating such objection in writing to the designating party. If the parties cannot agree on a proper designation for the document(s) within 10 business days of written notice, the objecting party or aggrieved person may apply to the Court for a ruling that a document or category of documents designated as "Confidential" is not entitled to such status and protection. The party or other person that so designated the document shall be given notice of the application and an opportunity to respond. To maintain protected status, the proponent will have the burden of establishing that the information meets the standards that have evolved under Rule 26(c) and must show by a preponderance of the evidence that there is good cause for the document to have such protection. The document, however, shall maintain its original designation as "Confidential" until the Court resolves the dispute over the applicable designation.

Case 1:09-cv-03582-SLT-RLM   Document 201   Filed 01/19/11   Page 3 of 5 PageID #: 2908
Jan. 17. 2011 11:02AM   Richard A. Kraslow P.C.   No. 0954   P. 5
Case 1:09-cv-03582-SLT-RLM   Document 200-1   Filed 01/18/11   Page 3 of 5

4. Use of "Confidential" Documents in a Deposition

a. A deponent may during the deposition be shown and examined about a "Confidential" document if the deponent is the author or a named recipient of the document or if the applicable provisions of paragraphs 2(b) are complied with. If the "Confidential" document is entered as an exhibit to the deposition, it shall be filed and kept under seal. Deponents shall not retain or copy any "Confidential" document that is provided to them during the course of their deposition.

b. In the event that any question is asked at a deposition that requires the disclosure of "Confidential" information, such question shall nonetheless be answered by the witness fully and completely. At the request of the party designating discovery material as "Confidential," all persons other than the witness and the court reporter shall leave the room during the time this information is disclosed or discussed. The attorney designating the information as "Confidential" may also contemporaneously notify all other counsel on the record that the information disclosed will be designated as "Confidential" in accordance with Paragraph (4)(c).

c. Parties (and deponents) may, within 21 days after receiving the official deposition transcript, designate pages of the transcript (and exhibits thereto) as "Confidential." "Confidential" information within the deposition transcript may be designated by underlining the portions of the pages that contain "Confidential" information and marking such pages with the following legend: "CONFIDENTIAL." Until expiration of the 21-day period, the entire deposition will be treated as subject to the protection afforded to "Confidential" documents. If a timely designation is made, the "Confidential" portions and exhibits shall be subject to the terms of this Protective Order and may only be accessed and reviewed in accordance with the terms contained in this Protective Order.

5. Use of "Confidential" Documents at a Hearing or Trial

a. "Confidential" documents may be offered in evidence at trial or any court hearing, provided that such documents or other information shall be retained under seal by the Court or the trier of fact [*unless otherwise ordered by the Court*] and be subject to the terms of this Protective Order. Any party may also move the Court for an order that the evidence be received in camera or under any other conditions to prevent unnecessary disclosure. Nothing contained in this paragraph shall prohibit any party from moving the Court for any other order that the party may deem appropriate.

b. With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any questions or line of questioning calls for the disclosure of "Confidential" information, counsel may designate on the record prior to such disclosure that such information is subject to the terms of this Protective Order. Subject to further order of the Court, any presentation of "Confidential" information to this Court or prior to trial shall be made in the presence of only the presiding officer and other court personnel, jurors, an authorized court reporter, counsel of record for the parties, the witness who will be questioned on such document(s) at any hearing or trial, and such other person to whom disclosure is permitted under the terms of this Order. Prior to the disclosure of any "Confidential" documents or information, the presiding officer or Clerk of the Court shall advise all court personnel, jurors, witnesses and court reporters of the confidential nature of this information and of the duty to maintain the confidentiality of such information.

Case 1:09-cv-03582-SLT-RLM Document 201 Filed 01/19/11 Page 4 of 5 PageID #: 2909
Jan. 17. 2011 11:03AM Richard A. Kraslow P.C. No. 0954 P. 6
Case 1:09-cv-03582-SLT-RLM Document 200-1 Filed 01/18/11 Page 4 of 5

*[Handwritten annotation at top:] The party filing a document with "Confidential" information shall simultaneously file, under seal via ECF, a copy of the filed documents with the Confidential information redacted.*

### 6. Use of "Confidential" Documents and Information in Legal Documents

If any information or documents designated as "Confidential" are filed with this Court, it shall be filed under seal unless the producing party first waives this requirement. If any information designated as "Confidential" is quoted, attached to, or substantially paraphrased in any pleading, motion, memorandum, appendix, or other judicial filing, then the pleading, motion, memorandum, appendix, or other judicial filing shall be submitted in its entirety under seal. Disclosure of any portion of the transcript of a deposition which reflects or contains "Confidential" information or documents shall render the pleading, motion, memorandum, appendix or other judicial filing subject to the terms of this Protective Order and such document shall be filed under seal. Nothing contained herein limits a producing party's use or disclosure of its own discovery material.

### 7. Use

Persons obtaining access to "Confidential" documents under this Order shall use the information only for preparation and trial(s) of this litigation (including any and all subsequent proceedings in this litigation such as appeal), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

In the event that any person or entity referred to in paragraph 2 of this Order is served with legal process or otherwise requested to disclose any confidential information (the "Disclosing Entity") by any person or entity not covered by this Protective Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure.

### 8. Non-Termination

The provisions of this order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, "Confidential" documents and all copies (including summaries and excerpts) *[handwritten insert: other than those in the Court's possession]* shall be returned to the party or person that produced such documents or, at the option of the producer, be destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

### 9. Modification Permitted

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

### 10. Responsibility of Attorneys

Case 1:09-cv-03582-SLT-RLM   Document 201   Filed 01/19/11   Page 5 of 5 PageID #: 2910
Jan. 17. 2011 11:03AM    Richard A. Kraslow P.C.                No. 0954   P. 7
Case 1:09-cv-03582-SLT -RLM   Document 200-1   Filed 01/18/11   Page 5 of 5

The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of "Confidential" documents.

11.     No Waiver

a.      Review of the "Confidential" documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

b.      The inadvertent, unintentional, or in camera disclosure of "Confidential" or privileged documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality or privilege, as to the documents themselves, or as to any other documents or information not disclosed. Nothing contained in this paragraph shall prevent a party from moving the Court for an order declaring that a disclosure was inadvertent or unintentional.

c.      The intentional disclosure of a confidential document in a manner in violation of or inconsistent with the terms of this Agreement shall be submitted to the Court for consideration of appropriate sanctions.

d.      Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the "Confidential" documents sought.

Dated: January /8 , 2011

SO ORDERED:     SO ORDERED:
                /s/
                Roanne L. Mann
                U.S. Magistrate Judge
Hon. Roanne L. Mann, U.S.M.J.  Dated: 1/19/11

Counsel who have executed this document:

**RIVKIN RADLER LLP**

Max Gershenoff

**RICHARD A. KRASLOW, P.C.**

Richard A. Kraslow