UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ALLSTATE INSURANCE COMPANY,

                                **Plaintiff,**

              -against-

**VIVIANE ETIENNE, M.D., et al.,**

                            **Defendants.**
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**09-CV-3582 (SLT)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      In a Memorandum of Law and affirmation of counsel ("Def. Aff.") filed yesterday, see ECF Docket Entry ("DE") #245, in violation of Rule 37.3(c) of the Local Rules of the Southern and Eastern Districts of New York,[1] the Bernardi defendants seek a preclusion order or, in the alternative, a compulsion order, based upon plaintiff's failure to produce medical records on which plaintiff's expert relied. Nothing in the moving papers indicates that the Berardi defendants first conferred with plaintiff in a good faith effort to resolve this issue without judicial intervention -- as required by both the federal and local rules. See Fed. R.

---

[1] See also Part III, Individual Rules of Magistrate Judge Roanne L. Mann (reminding the parties to comply with Local Civ. Rule 37.3).

Civ. P. 37(a)(1); SDNY/EDNY Local Civ. R. 37.3(a).  Consequently, the Berardi defendants' motion is denied without prejudice.[2]

**SO ORDERED.**

Dated:   Brooklyn, New York
         August 19, 2011

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants' application is deficient in other respects as well.  For example, defendants assert, without further analysis, that "it appears questionable that some of the data used can even be exchanged without violating HIPPA [sic] regulations."  Def. Aff. ¶ 17.  Defendants cite to no specific regulation, nor do they address whether the patients signed waiver forms or whether the data can be redacted to remove patient identification information.  In addition, defendants complain that plaintiff's expert "impermissibly relied on the plaintiffs' preselected data set to arrive at an opinion," id. ¶ 15 -- an issue more appropriately directed to the District Court in a *Daubert* motion.