UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY,

                        Plaintiff,


              -against-



VIVIANE ETIENNE, M.D.,
VIVIANE ETIENNE MEDICAL CARE, P.C.,
V.E. MEDICAL CARE, P.C.,
JAMAICA DEDICATED MEDICAL CARE, P.C.,
JASON SHEVETZ, M.D.,
SEBASTIAN MEDICAL, P.C.,
ACUTE CARE MEDICAL, P.C.,
RICHARD DOMINICK BERARDI, JR., D.O.,
ARCO MEDICAL NY, P.C.,
NEOMY MEDICAL, P.C.,
KATH MEDICAL, P.C.,
BILLY NABIL GERIS, M.D.,
JAMAICA MEDICAL PLAZA, P.C.,
YVETTE DAVIDOV, D.O.,
S&R MEDICAL, P.C.,
LEE CRAIG NAGOURNEY, M.D.,
AMETHYST MEDICAL, P.C.,
AKO MEDICAL, P.C.,
NIKOLAI LAGODUKE, M.D.,
MEDICAL POLIS, P.C.,

(collectively the "Clinic Defendants")

         -and-

CHOONG KWON KIM, M.D.,
MAGGIE MORR, M.D.,
MARAT TSIRLIN, M.D.,

(collectively the "EDX Testing Defendants"),

                       Defendants.
-------------------------------------------------------------X

**Docket No. 09-3582**


**REQUEST FOR
INTERROGATORIES
ON BEHALF OF DEFENDANTS'
RICHARD DOMINICK
BERARDI, JR., D.O., ARCO
MEDICAL NY, P.C., and
<u>NEOMY MEDICAL, P.C.</u>**

PLEASE TAKE NOTICE, that pursuant to Federal Rules of Civil Procedure 33, Plaintiffs, are hereby directed to serve within twenty (20) days from the date of service hereof, upon the offices of LEVINE & CHONG, LLC, 1517 Franklin Avenue, Suite 300, Mineola, New York 11501, answers under oath, sworn to by an officer, director, owner or agent of the Plaintiff having the information and empowered and designated by Plaintiff with the right, power and privilege to speak on behalf and bind Plaintiff to the truth of the sworn statements, to the following interrogatories in accordance with the instructions and definitions set forth below:

## **INSTRUCTIONS AND DEFINITIONS**

A.      If any interrogatory or portion thereof is objected to by you as inquiring into privileged or confidential matter, set forth fully in your objection the facts upon which you rely as the basis for your objection. Demand is made that a privilege log be provided setting forth a description of the document, the privilege and factual basis thereof.

B.      You are hereby notified that these requests are deemed continuing,, and that Plaintiff, upon acquiring any information or documents responsive thereto after the service of answers thereto, is required to serve further and supplemental responses between now and the time of trial in this action.

C.      Should any document be referred to or relied on in preparing a response to any Interrogatory, a description of such document or writing and its location, should be included in the response.

D.      In answering these Interrogatories, provide all information which is available to the Plaintiff, its attorneys, and any agent of, representative of, or investigator for the Plaintiff or its attorneys. If the information necessary to answer a question is not within the knowledge of

2

any of the foregoing parties, then exercise due diligence to secure the necessary information. If the requested information cannot be secured after exercising due diligence, so state.

E.    The terms "relating to" or "referring to" means relating to, referring to, or pertaining in any way, directly or indirectly, to a document or class of documents, or an event, act or occurrence, and includes, without limitation, comprising, constituting, analyzing, describing, evidencing, comparing, summarizing, discussing, reflecting, showing, referring to, forming the basis of, containing, or supporting the event, act, or occurrence.

F.    The terms "and" and "or" shall be construed conjunctively or disjunctively; the past tense shall be construed to include the present tense, and vice versa; and the singular shall be constructed to include the plural, and vice versa; all to bring within the scope of the request all responses that otherwise might be construed outside of its scope.

G.    The following rules of construction apply to all discovery requests:

1.    All/Each. The terms "all" and "each" shall be construed as all and each.

2.    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.    Number. The use of the singular form of any word includes the plural and vice versa.

H.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

I.    The term "writing" is used in the broadest sense permissible under New York law and includes any original, reproduction or copy of any kind, of written or documentary material including, without limitations, correspondence, memoranda, interoffice communications, notes, diaries, contract documents, drawings, plans, specifications, estimates, vouchers, billing, checks,

reports studies, telegrams, notes or telephone conversations, and notes of any oral communications without limitation to the format or media on which it is set forth or stored.

J.    The term "document" is used in the broadest sense permissible under New York law and includes, without limitation, the following items, whether• printed or recorded, electronically or digitally created or maintained, reproduced by any mechanical process, or written or produced by hand, and shall include all drafts and copies of any such document (unless such copy is identical in every respect with the original or copy thereof produced), namely: agreements, communications, including newspaper or other periodical reports or articles; intra-corporate communications; correspondence; telegrams; faxes; memoranda; records; books; records of telephone conversations; telephone logs; diaries; financial statements; management letters; manuals; graphs; charts; analytical records; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; reports or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; telex files; teletype; telegrams; contracts; notes; projections; marginal notations; photographs; drawings; specifications; typed or stenographic transcripts of any testimony given at any legal or investigative proceeding; drafts of any of the foregoing, and other documents, writings and/or data compilations from which information can be obtained, regardless of whether recorded, produced, or reproduced by any mechanical, optical, electronic or computerized process, by hand or otherwise. It shall include all originals, copies and drafts of any such documents in your possession, custody and control.

K.    The term "identify" when used with reference to a person means:

1.    in the case of a natural person, the full name, address and telephone number or, if the present address and telephone number are not known, the last known address and telephone number of the person and the full name

4

and address of that person's employer;

2.      in the case of a corporation, set forth the full name and state of its incorporation, and the name of its president or chief executive officer;

3.      in the case of an entity other than a corporation, identify each managing agent or individual in charge thereof; and

4.      such other information sufficient to provide full identification of the person.

L.      The term "identify" when used in reference to a document or written communication means:

1.      its nature or type (e.g., letter, telegram, memorandum, chart, report or study), date, subject matter, place of preparation, and the name and address of each author, addressee and recipient;

2.      the identify of each signatory of the document or communication;

3.      the title or heading of the document or communication;

4.      its substance;

5.      its present or, if the present is not known, last known location and custodian;

6.      the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (I) you and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof;

7.      the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted; and

8.      stating whether you are in possession or control of the document.

M.      The term "identify" when used with reference to an oral communications means:

1.      its nature (e.g., telephone call, conversation in person, etc.);

2.      its substance;

3.    the date and place thereof;

4.    the identity and address of each person participating therein, present during, or witness to any part thereof; and

5.    a description of each document in which such communication was recorded, described, or referred to.

N.    The term "identify" when used with reference to a contract or agreement means:

1.    the date and place it was made;

2.    the name and address of each party thereto;

3.    its terms, including, but not limited to, the performance to be rendered by each party;

4.    a statement whether the performance was rendered; and

5.    any litigation with reference to said contract.

O.    The term "identify" when used with reference to an act, action, or event means:

1.    its nature and the sequence of steps in its occurrence;

2.    the date and time it occurred;

3.    where it occurred;

4.    the persons who were involved;

5.    who or what caused the act, action, or event to occur; and

6.    the purposes or reasons for its occurrence.

P.    The term "identify" when used in any other context than hereinabove set forth means:

1.    description of the subject to be identified and specification of the documents or communications in which the subject is or was recorded, described or referred to; and

2.    all other information necessary to fully identify the subject.

6

Q.     The term "identify an item" when used, shall include all of the following to the extent the item refers to a person, the person should be identified in accordance with the following:

1.     in the case of a natural person, the full name, address and telephone number or, if the present address and telephone number are not known, the last known address and telephone number of the person and the full name and address of that person's employer;

2.     in the case of a corporation, set forth the full name and state of its incorporation, and the name of its president or chief executive officer;

3.     in the case of an entity other than a corporation, identify each managing agent or individual in charge thereof; and

4.     such other information sufficient to provide full identification of the person.

R.     If the term "item" refers in whole or in part to a document or written communication it shall be identified in accordance with the following:

1.     its nature or type (e.g., letter, telegram, memorandum, chart, report or study), date, subject matter, place of preparation, and the name and address of each author, addressee and recipient;

2.     the identify of each signatory of the document or communication;

3.     the title or heading of the document or communication;

4.     its substance;

5.     its present or, if the present is not known, last known location and custodian;

6.     the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (I) you and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof;

7.     the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and

7

the person to whom transmitted; and

    8.     stating whether you are in possession or control of the document.

S.     If the term "item" refers in whole or in part to an oral communication it shall be identified in accordance with the following:

    1.     its nature (e.g., telephone call, conversation in person, etc.);

    2.     its substance;

    3.     the date and place thereof;

    4.     the identity and address of each person participating therein, present during, or witness to any part thereof; and

    5.     a description of each document in which such communication was recorded, described, or referred to.

T.     If the term "item" refers in whole or in part to a contract or agreement it shall be identified in accordance with the following:

    1.     the date and place it was made;

    2.     the name and address of each party thereto;

    3.     its terms, including, but not limited to, the performance to be rendered by each party;

    4.     a statement whether the performance was rendered; and

    5.     any litigation with reference to said contract.

U.     If the term "item" refers in whole or in part to an act, action or event it shall be identified in accordance with the following:

    1.     its nature and the sequence of steps in its occurrence;

    2.     the date and time it occurred;

    3.     where it occurred;

4.      the persons who were involved;

5.      who or what caused the act, action, or event to occur; and

6.      the purposes or reasons for its occurrence.

V.      If the term "item" refers in whole or in part to any other context than hereinabove set forth it shall be identified in accordance with the following:

1.      description of the subject to be identified and specification of the documents or communications in which the subject is or was recorded, described or referred to; and

2.      all other information necessary to fully identify the subject.

W.      The term "Plaintiff" shall mean any one or all of the Plaintiffs, including any person who is a representative of any of the Plaintiffs, an employee of, an agent of, or an attorney for any of the Plaintiffs, who has acted or is presently acting for the benefit of any of the Plaintiffs.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person or entity answering or participating in the answering of these interrogatories and for each interrogatory identify each person or entity that participated in answering that interrogatory.

### INTERROGATORY NO. 2:

Identify each communication between Plaintiff and Arco Medical NY, P.C. ("Arco") or the Shareholders and/or Directors of Arco Medical NY, P.C.

### INTERROGATORY NO. 3:

Identify each communication between Plaintiff and Neomy Medical, P.C. ("Neomy") or

the Shareholders and/or Directors of Neomy Medical, P.C.

**INTERROGATORY NO. 4:**

Identify each communication between Richard Dominick Berardi, Jr., DO ("Dr. Berardi") and/or the entities he owns and/or controls on one hand and the Plaintiff on the other hand.

**INTERROGATORY NO. 5:**

Identify all items in Plaintiff's possession or control that support the allegations contained in paragraph 1 of the Complaint.

**INTERROGATORY NO. 6:**

Identify all items in Plaintiff's possession or control that support the allegations contained in paragraph 2 of the Complaint.

**INTERROGATORY NO. 7:**

Identify all items in Plaintiff's possession or control that support the allegations contained in paragraph 5 of the Complaint.

**INTERROGATORY NO. 8:**

Identify each and every item in Plaintiff's possession that supports the allegations contained in paragraph 10 of the Complaint that Defendant, Dr. Berardi, is purportedly the sole owner, shareholder and director of the Defendants Arco, Neomy and Kath Medical PC ("Kath").

**INTERROGATORY NO. 9:**

Identify each and every item in Plaintiff's possession that supports the allegations contained in paragraph 28 of the Complaint that Defendant, Choong Kwon Kim, MD ("Dr. Kim"), worked in the capacity of an independent contractor for Arco.

**INTERROGATORY NO. 10:**

Identify each and every item in Plaintiff's possession that supports the allegations

10

contained in paragraph 29 of the Complaint that Defendant, Maggie Morr, MD ("Dr. Morr"), worked in the capacity of an independent contractor for Arco.

**INTERROGATORY NO. 11:**

Identify each and every item in Plaintiff's possession that supports the allegations contained in paragraph 28 of the Complaint that Defendant, Marat Tsirlin, MD ("Dr. Tsirlin"), worked in the capacity of an independent contractor for Neomy.

**INTERROGATORY NO. 12:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 40 of the Complaint.

**INTERROGATORY NO. 13:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 41 of the Complaint.

**INTERROGATORY NO. 14:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 42 of the Complaint.

**INTERROGATORY NO. 15:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 43 of the Complaint.

**INTERROGATORY NO. 16:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 49 of the Complaint.

**INTERROGATORY NO. 17:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 50 of the Complaint.

**INTERROGATORY NO. 18:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 51 of the Complaint.

**INTERROGATORY NO. 19:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 52 of the Complaint.

**INTERROGATORY NO. 20:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 54 of the Complaint.

**INTERROGATORY NO. 21:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 55 of the Complaint.

**INTERROGATORY NO. 22:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 56-59 of the Complaint regarding the provision of allegedly fraudulent initial examinations.

**INTERROGATORY NO. 23:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 60-65 of the Complaint regarding the provision of allegedly fraudulent ROM/Muscle tests.

**INTERROGATORY NO. 24:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 66-72 of the Complaint regarding the provision of allegedly duplicate billing for ROM/Muscle tests.

**INTERROGATORY NO. 25:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 73-75 of the Complaint regarding the provision of allegedly fraudulent unbundling of ROM/Muscle tests.

**INTERROGATORY NO. 26:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in

paragraphs 76-78 of the Complaint regarding the provision of allegedly fraudulent consultations.

**INTERROGATORY NO. 27:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 79-87 of the Complaint regarding the provision of allegedly fraudulent EDX tests.

**INTERROGATORY NO. 28:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 88-104 of the Complaint regarding the provision of allegedly fraudulent NCV's.

**INTERROGATORY NO. 29:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 105-112 of the Complaint regarding the provision of allegedly fraudulent EMG's.

**INTERROGATORY NO. 30:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 113-114 of the Complaint regarding subjecting minors to alleged fraudulent treatment protocol.

**INTERROGATORY NO. 31:**

Identify all arbitrations and litigations between the Plaintiff and any of the Defendants as alleged in paragraph 117 of the Complaint.

**INTERROGATORY NO. 32:**

Identify each and every item in Plaintiff's possession that support the allegations that

14

Plaintiff did not discover, and could not reasonably have discovered that its alleged damages were attributable to fraud until shortly before it filed the instant Complaint.

**INTERROGATORY NO. 33:**

Identify each and every item in Plaintiff's possession that support the allegations contained in paragraph 118 of the Complaint that these bills resulted in payments totaling more than $1,780,000.00.

**INTERROGATORY NO. 34:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 122 of the Complaint.

**INTERROGATORY NO. 35:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 195 of the Complaint.

**INTERROGATORY NO. 36:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 196 of the Complaint.

**INTERROGATORY NO. 37:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 198 of the Complaint.

**INTERROGATORY NO. 38:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 199 of the Complaint.

**INTERROGATORY NO. 39:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 200 of the Complaint.

**INTERROGATORY NO. 40:**

Identify each and every item in Plaintiff's possession that support the allegations contained in paragraph 201 of the Complaint that these bills resulted in payments totaling more than $469,000.00.

**INTERROGATORY NO. 41:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 204 of the Complaint.

**INTERROGATORY NO. 42:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 205 of the Complaint.

**INTERROGATORY NO. 43:**

Identify each and every item in Plaintiff's possession that support the allegations contained in paragraph 206 of the Complaint that these bills resulted in payments totaling more

than $469,000.00.

**INTERROGATORY NO. 44:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 209 of the Complaint.

**INTERROGATORY NO. 45:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 210 of the Complaint.

**INTERROGATORY NO. 46:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 211 of the Complaint.

**INTERROGATORY NO. 47:**

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 212 of the Complaint.

**INTERROGATORY NO. 48:**

Identify each and every item in Plaintiff's possession that support the allegations contained in paragraph 213 of the Complaint that these bills resulted in payments totaling more than $469,000.00.

**INTERROGATORY NO. 49:**

Identify each and every item in Plaintiff's possession that support the allegations

contained in paragraph 214 of the Complaint that Plaintiff is entitled to punitive damages.

## INTERROGATORY NO. 50:

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 217 of the Complaint.

## INTERROGATORY NO. 51:

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 218 of the Complaint.

## INTERROGATORY NO. 52:

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 219 of the Complaint.

## INTERROGATORY NO. 53:

Identify each and every item in Plaintiff's possession that support the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 220 of the Complaint.

## INTERROGATORY NO. 54:

Identify each and every item in Plaintiff's possession that support the allegations contained in paragraph 221 of the Complaint that these bills resulted in payments totaling more than $469,000.00.

Dated: Mineola, New York
      December 4, 2009

**LEVINE & CHONG, LLC**

By: _____

    Alexander Levine (AL 2340)
Attorneys for Defendants RICHARD DOMINICK
BERARDI, JR., D.O., ARCO MEDICAL NY, P.C.,
and NEOMY MEDICAL, P.C.
1517 Franklin Avenue, Suite 300
Mineola, New York 11501
516-742-7600

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK                    )

                                         ) SS.:

EASTERN DISTRICT OF NEW YORK        )

THOMAS DONNELLY, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside in the State of New York, County of Nassau.

On December 4, 2009, I served the within **FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS and FIRST SET OF INTERROGATORIES** upon:

> Rivkin Radler, LLP
>
> 926 Rexcorp Plaza
>
> Uniondale, New York 11556

the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

THOMAS DONNELLY

Sworn to before me this
4th day of December 2009

Notary Public

ALEXANDER LEVINE, ESQ
Notary Public, State of New York
No. 02LE5073519
Qualified in Bronx County
Commission Expires February 24, 20 11

21