UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ALLSTATE INSURANCE COMPANY,

                              Plaintiff,

                                                    Docket No.: CV 09-3582
           -against-                                         (SLT)(RLM)

VIVIANE ETIENNE, M.D., et al.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


**PLAINTIFF'S RESPONSES AND OBJECTIONS TO THE FIRST SET OF
INTERROGATORIES ON BEHALF OF RICHARD DOMINICK BERARDI, JR., D.O.,
ARCO MEDICAL NY, P.C., AND NEOMY MEDICAL, P.C.**

Plaintiff Allstate Insurance Company ("Plaintiff" or "Allstate"), by and through its
counsel, Rivkin Radler LLP, as and for its response to the First Request for Interrogatories on
Behalf of Richard Dominick Berardi, Jr., D.O. ("Dr. Berardi"), Arco Medical NY, P.C. ("Arco"),
and Neomy Medical, P.C. ("Neomy") (collectively "Defendants"), sets forth, upon information
and belief, as follows:

## GENERAL OBJECTIONS

1.      Allstate generally objects to each Interrogatory to the extent that it is overly broad
and unduly burdensome, calls for information without reasonable particularization or specificity,
or otherwise is vague and ambiguous.

2.      Allstate objects to each Interrogatory on the ground and to the extent that it may
be construed to call for information protected by the attorney-client privilege, the attorney work
product doctrine, or any other privilege.

3.      Allstate objects to each Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence.

4.      Allstate objects to each Interrogatory to the extent that it seeks confidential commercial information, trade secrets, or proprietary information.

5.      Allstate objects to the "Instructions and Definitions" to the extent they exceed the requirements of, conflict, or seek to impose a greater duty on Allstate than is required by the Federal Rules of Civil Procedure, Local Civil Rules, or other applicable rules and law.

6.      Allstate has not yet completed discovery in this action and therefore, to the extent applicable, reserve the right to amend or supplement their objections and responses upon completion of such discovery.

7.      To the extent Allstate is producing documents, it does so without deeming them to be adoptive admissions of the information or opinions contained therein.

## INTERROGATORY RESPONSES

**Interrogatory No. 1**

Identify each person or entity answering or participating in the answering of these interrogatories and for each interrogatory identify each person or entity that participated in answering that interrogatory.

**Response**

In addition to Barry Levy, Esq. and Max Gershenoff, Esq., of Rivkin Radler LLP, who are counsel for Allstate, Cynthia Wilcox, William Seegull, and Michael Bruno of the Special Investigations Unit - Allstate Insurance Company, P.O. Box 1100, New Hyde Park, New York

2

11040. Ms. Wilcox, Mr. Seegull, and Mr. Bruno may be contacted through counsel for Allstate, Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556.

**Interrogatory No. 2**

Identify each communication between Plaintiff and Arco Medical, NY, P.C. ("Arco") or the Shareholders and/or Directors of Arco Medical, NY, P.C.

**Response**

Objection.  Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Subject to and without waiving any objections, all such communications, to the extent that they exist, are within the individual files relating to the claims submitted by Arco to Allstate.   Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 3**

Identify each communication between Plaintiff and Neomy Medical, P.C. ("Neomy") or the Shareholders and/or Directors of Neomy Medical, P.C.

**Response**

Objection.  Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Subject to and without waiving any objections, all such communications, to the extent that they exist, are within the

individual files relating to the claims submitted by Neomy to Allstate.  Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 4**

Identify each communication between Richard Dominick Berardi, Jr., D.O. ("Dr. Berardi") and/or the entities he owns and/or controls on one hand and the Plaintiff on the other hand.

**Response**

Objection.  Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Subject to and without waiving any objections, all such communications, to the extent that they exist, are within the individual files relating to the claims submitted by Arco and Neomy to Allstate.  Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 5**

Identify all items in Plaintiff's possession or control that support the allegations contained in paragraph 1 of the Complaint.

**Response**

Objection.  Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks

to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 6**

Identify all items in Plaintiff's possession or control that support the allegations contained in paragraph 2 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, Allstate will provide relevant non-privileged

documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 7**

Identify all items in Plaintiff's possession or control that support the allegations contained in paragraph 5 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 8**

Identify each and every item in Plaintiff's possession that supports the allegations contained in paragraph 10 of the Complaint that Defendant, Dr. Berardi, is purportedly the sole owner, shareholder and director of the Defendants Arco, Neomy and Kath Medical, PC ("Kath").

**Response**

Objection.  Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving these objections, Allstate responds that Dr. Berardi's purported ownership interest in Arco and Neomy may be ascertained from documents available on the websites maintained by the New York State Office of the Professions, the New York State Department of State, and from the billing submitted to Allstate through Arco and Neomy.  As advised, Allstate will be withdrawing its contention that Kath is owned by Dr. Berardi as the professional corporation is owned by Dr. Henry Sendyk.  Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 9**

Identify each and every item in Plaintiff's possession that supports the allegations contained in paragraph 28 of the Complaint that Defendant, Choong Kwon Kim, M.D. ("Dr. Kim"), worked in the capacity of an independent contractor for Arco.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, billing submitted through multiple, independent professional medical corporations during concomitant time periods for services allegedly rendered by Dr. Kim support the allegation that Dr. Kim worked as an independent contractor for Arco. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 10**

Identify each and every item in Plaintiff's possession that supports the allegations contained in paragraph 29 of the Complaint that Defendant, Maggie Morr, M.D. ("Dr. Morr"), worked in the capacity of an independent contractor for Arco.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover

8

documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, billing submitted through multiple, independent professional medical corporations during concomitant time periods for services allegedly rendered by Dr. Morr support the allegation that Dr. Morr worked as an independent contractor for Arco. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 11**

Identify each and every item in Plaintiff's possession that supports the allegations contained in paragraph 28 of the Complaint that Defendant, Marat Tsirlin, M.D. ("Dr. Tsirlin"), worked in the capacity of an independent contractor for Neomy.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for

9

information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, billing submitted through multiple, independent professional medical corporations during concomitant time periods for services allegedly rendered by Dr. Tsirlin support the allegation that Dr. Tsirlin worked as an independent contractor for Neomy. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 12**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 40 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory,

10

and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving these objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Defendants licensure and Dr. Berardi's alleged ownership of Arco and Neomy. Billing submitted through Arco and Neomy, and documents submitted by Defendants to Allstate in support of that billing, also support the allegations in paragraph 40 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 13**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 41 of the Complaint.

**Response**

Objection.   Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery.

Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 41 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 14**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 42 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State

Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 42 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 15**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 43 of the Complaint.

**Response**

Objection.  Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr.

13

Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 43 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 16**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 49 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation

14

submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 49 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 17**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 50 of the Complaint.

**Response**

Objection.  Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to

own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 50 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 18**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 51 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations

16

set forth in paragraph 51 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 19**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 52 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 52 of the Complaint. Subject to and without waiving any objections,

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 20**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 54 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 54 of the Complaint. Subject to and without waiving any objections,

18

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 21**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 55 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 55 of the Complaint. Subject to and without waiving any objections,

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 22**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 56-59 of the Complaint regarding the provision of allegedly fraudulent initial examinations.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 56-59 of the Complaint. Subject to and without waiving any objections,

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 23**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 60-65 of the Complaint regarding the provision of allegedly fraudulent ROM/Muscle Tests.

**Response**

Objection.  Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 60-65 of the Complaint. Subject to and without waiving any objections,

21

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 24**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 66-72 of the Complaint regarding the provision of allegedly duplicate billing for ROM/Muscle Tests.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 66-72 of the Complaint. Subject to and without waiving any objections,

22

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 25**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 73-75 of the Complaint regarding the provision of allegedly fraudulent unbundling of ROM/Muscle Tests.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 73-75 of the Complaint. Subject to and without waiving any objections,

23

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 26**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 76-78 of the Complaint regarding the provision of allegedly fraudulent consultations.

**Response**

Objection.  Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 76-78 of the Complaint. Subject to and without waiving any objections,

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 27**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 79-87 of the Complaint regarding the provision of allegedly fraudulent EDX tests.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 79-87 of the Complaint. Subject to and without waiving any objections,

25

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 28**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 88-104 of the Complaint regarding the provision of allegedly fraudulent NCV's.

**Response**

Objection.  Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 88-104 of the Complaint. Subject to and without waiving any objections,

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 29**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 105-112 of the Complaint regarding the provision of allegedly fraudulent EMG's.

**Response**

Objection.  Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 105-112 of the Complaint. Subject to and without waiving any objections,

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 30**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 113-114 of the Complaint regarding subjecting minors to alleged fraudulent treatment protocol.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraphs 113-114 of the Complaint. Subject to and without waiving any objections,

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 31**

Identify all arbitrations and litigations between the Plaintiff and any of the Defendants as alleged in paragraph 117 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. In addition, the information sought through this Interrogatory is already in Defendants' possession and/or a matter of public record. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence.

**Interrogatory No. 32**

Identify each and every item in Plaintiff's possession that support the allegations that Plaintiff did not discover, and could not reasonably have discovered that its alleged damages were attributable to fraud until shortly before it filed the instant Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to

lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, Allstate responds that each and every bill submitted by the Defendants seeking payment for No-Fault charges misrepresented and concealed that the services were actually provided, that they were medically justified and that the relevant services were provided by employees of Arco, Neomy, and Kath, rather than by independent contractors. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 33**

Identify each and every item in Plaintiff's possession that support the allegations contained in paragraph 118 of the Complaint that these bills resulted in payments totaling more than $1,780,000.00.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence as it relates to these Defendants. Subject to and without waiving any objections, Allstate responds that it is in possession of 1099 forms relating payments made to the Defendants, check payments made as the result of charges submitted by or through the Defendants for No-Fault benefits, and records indicating that the checks were cashed by the Defendants or others acting on their respective

behalf. Billing submitted by or through the respective Defendants indicates that the bills resulting in these payments actually were submitted to Allstate. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 34**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 122 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations

31

set forth in paragraph 122 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 35**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 195 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 195 of the Complaint. Subject to and without waiving any objections,

32

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 36**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 196 of the Complaint.

**Response**

Objection.  Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 196 of the Complaint. Subject to and without waiving any objections,

33

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 37**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 198 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 198 of the Complaint. Subject to and without waiving any objections,

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 38**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 199 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 199 of the Complaint. Subject to and without waiving any objections,

35

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 39**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 200 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 200 of the Complaint. Subject to and without waiving any objections,

36

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 40**

Identify each and every item in Plaintiff's possession that supports the allegations contained in paragraph 201 of the Complaint that these bills resulted in payments totaling more than $469,000.00.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Subject to and without waiving any objections, Allstate responds that it is in possession of 1099 forms relating payments made to the Defendants, check payments made as the result of charges submitted by or through the Defendants for No-Fault benefits, and records indicating that the checks were cashed by the Defendants or others acting on their respective behalf. Billing submitted by or through the respective Defendants indicates that the bills resulting in these payments actually were submitted to Allstate. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 41**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 204 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover

documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 204 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 42**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 205 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks

to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 205 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 43**

Identify each and every item in Plaintiff's possession that supports the allegations contained in paragraph 206 of the Complaint that these bills resulted in payments totaling more than $469,000.00.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Subject to and without waiving any objections, Allstate responds that it is in possession of 1099 forms relating payments made to the Defendants, check payments made as the result of charges submitted by or through the Defendants for No-Fault benefits, and records

indicating that the checks were cashed by the Defendants or others acting on their respective behalf. Billing submitted by or through the respective Defendants indicates that the bills resulting in these payments actually were submitted to Allstate. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 44**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 209 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to

own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 209 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 45**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 210 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations

41

set forth in paragraph 210 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 46**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 211 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 211 of the Complaint. Subject to and without waiving any objections,

42

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 47**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 212 of the Complaint.

**Response**

Objection.  Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 212 of the Complaint. Subject to and without waiving any objections,

Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 48**

Identify each and every item in Plaintiff's possession that supports the allegations contained in paragraph 213 of the Complaint that these bills resulted in payments totaling more than $469,000.00.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Subject to and without waiving any objections, Allstate responds that it is in possession of 1099 forms relating payments made to the Defendants, check payments made as the result of charges submitted by or through the Defendants for No-Fault benefits, and records indicating that the checks were cashed by the Defendants or others acting on their respective behalf. Billing submitted by or through the respective Defendants indicates that the bills resulting in these payments actually were submitted to Allstate. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 49**

Identify each and every item in Plaintiff's possession that supports the allegations contained in paragraph 214 of the Complaint that Plaintiff is entitled to punitive damages.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks

44

to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory to the extent that it requires Allstate to draw legal conclusions or seeks the mental impressions of counsel. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery.

**Interrogatory No. 50**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 217 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State

Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 217 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 51**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 218 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr.

Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 218 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 52**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 219 of the Complaint.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation

47

submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 219 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 53**

Identify each and every item in Plaintiff's possession that supports the allegations that Defendants, Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 220 of the Complaint.

**Response**

Objection.  Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome.  Allstate further objects to this Interrogatory to the extent that it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Allstate further objects to this Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Allstate further objects to this interrogatory on the ground that it is premature; it is in the nature of a contention interrogatory, and improperly requires Allstate to exhaustively state facts prior to the completion of discovery. Subject to and without waiving any objections, information obtained from the New York State Department of State and New York State Office of the Professions websites demonstrates Dr. Berardi's purported ownership of Arco and Neomy. Billing and supporting documentation submitted by Defendants to Allstate further support the allegation that Dr. Berardi purports to

own Arco and Neomy and that Dr. Berardi, Arco, and Neomy, were involved in the allegations set forth in paragraph 220 of the Complaint. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

**Interrogatory No. 54**

Identify each and every item in Plaintiff's possession that supports the allegations contained in paragraph 221 of the Complaint that these bills resulted in payments totaling more than $469,000.00.

**Response**

Objection. Allstate objects to this Interrogatory as being vague, overly broad and unduly burdensome. Subject to and without waiving any objections, Allstate responds that it is in possession of 1099 forms relating payments made to the Defendants, check payments made as the result of charges submitted by or through the Defendants for No-Fault benefits, and records indicating that the checks were cashed by the Defendants or others acting on their respective behalf. Billing submitted by or through the respective Defendants indicates that the bills resulting in these payments actually were submitted to Allstate. Subject to and without waiving any objections, Allstate will provide relevant non-privileged documents and/or information in response to this Interrogatory, to the extent Allstate is in possession of such information.

Dated: Uniondale, New York
February 16, 2010

RIVKIN RADLER LLP

By: _____
       Barry I. Levy (BL 2190)
       Max Gershenoff (MG 4648)
926 RXR Plaza
Uniondale, New York 11556-0926
Telephone:     (516) 357-3000
Facsimile:     (516) 357-3333

*Counsel for Plaintiff, Allstate Insurance Company*

## **VERIFICATION**

I certify that, to the best of my knowledge and based upon my representation of Plaintiff in this action, the answers contained herein are true and accurate and are predicated upon the information currently available to Plaintiff.

_____
Max Gershenoff (MG-4648)

50