**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**ALLSTATE INSURANCE COMPANY,**

                **Plaintiff,**

      **-against-**

**VIVIANE ETIENNE, M.D., et al.,**

                **Defendants.**
-----------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**09-CV-3582 (SLT)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a motion by the defendants remaining in this action -- Richard Dominick Berardi, Jr., D.O., Arco Medical NY, P.C., and Neomy Medical, P.C. (collectively, the "Berardi defendants" or "defendants") -- to "preclude" four expert reports served by plaintiff Allstate Insurance Company ("plaintiff"). See Notice of Motion to Preclude (Sept. 20, 2011) ("9/20/11 Motion to Preclude"), Electronic Case Filing Docket Entry ("D.E.") #249. In essence, the Berardi defendants complain that plaintiff has not produced the underlying documents upon which the experts relied in preparing their reports. See Defendants' Memorandum in Support of Motion to Preclude (Sept. 20, 2011) ("Def. Mem.") at 1-2, D.E. #251.

      On two prior occasions, the Berardi defendants filed essentially the same motion -- once before the undersigned magistrate judge, on August 19, 2011, as a motion to preclude, and once before the Honorable Sandra L. Townes, on September 16, 2011, as a motion to strike. This Court rejected both as procedurally defective, because defendants' counsel failed to certify, as required by both Rule 37(a)(1) of the Federal Rules of Civil Procedure ("FRCP") and Local Civil Rule 37.3(a), that he had conferred in good faith with plaintiff's counsel to

resolve the dispute prior to filing defendants' motion. See Memorandum and Order (Aug. 19, 2011) ("8/19/11 M&O") at 1-2, D.E. # 246; Memorandum and Order (Sept. 19, 2011) ("9/19/11 M&O") at 1-2, D.E. #248.

On September 20, 2011, the Berardi defendants for the third time filed their motion to "preclude" plaintiff's expert reports. See 9/20/11 Motion to Preclude. This time, in the initial moving papers, defendants' counsel declared, without more, that he had attempted in good faith to confer with plaintiff's counsel concerning the discovery dispute. See Declaration of Matthew J. Conroy ("Conroy Decl.") ¶ 12, D.E. #250.

Plaintiff filed its opposing papers the following week; relying on a detailed chronology of events set forth in plaintiff's counsel's accompanying declaration, see Declaration of Barry I. Levy (Sept. 27, 2011) ("Levy Decl."), D.E. #253, plaintiff argued that the Berardi defendants have either had access all along to the underlying documentation relied upon by the experts or have been offered the material multiple times by plaintiff. See Memorandum in Opposition to Defendants' Motion to Strike or Preclude (Sept. 27, 2011) ("Pl. Opp."), D.E. #252. Plaintiff further posited that the Berardi defendants' motion was a "backhanded attempt" to seek an extension of discovery, as the Berardi defendants failed to depose any of plaintiff's experts by the close of expert discovery on September 15, 2011, and failed to serve their own expert reports by the court-ordered deadline of August 19, 2011. See Pl. Opp. at 13; see also Minute Entry (docketed May 18, 2011) ("5/18/11 Minute Entry"), D.E. #241 (setting schedule for expert discovery); Conroy Decl. ¶ 28 (belatedly requesting extension of defendants' deadline for serving expert disclosure "due to Plaintiff's failure to disclose").

On October 4, 2011, at the Court's direction, defendants submitted a reply in response

to plaintiff's opposition. See Reply Memorandum in Further Support of Defendants' Motion to Preclude (Oct. 4, 2011) ("Def. Reply"), D.E. #258. In their reply, defendants' counsel for the first time admitted that "[p]laintiff's contention that documents have been made available to [d]efendants is undisputed," but he still insisted that defendants "had no choice but to bring the instant motion." Id. at 2-3.

For the reasons that follow, the Court denies the Berardi defendants' motion in its entirety. Further, as all expert discovery closed on September 15, 2011, and the Berardi defendants have neither timely sought an extension nor established good cause for any such scheduling modification, they are foreclosed from taking the depositions of plaintiff's experts or serving their own expert disclosure.

## BACKGROUND

On July 1, 2011, plaintiff timely served the Berardi defendants with four expert reports. See Conroy Decl., Exhibits A-D; see also 5/18/11 Minute Entry. Pursuant to this Court's order, the Berardi defendants' expert disclosure was due by August 19, 2011. See id. On August 19, 2011, rather than serve their expert disclosure on plaintiff, the Berardi defendants filed a motion (the "8/19/11 Motion") to preclude plaintiff's experts based on plaintiff's alleged failure to produce medical records upon which plaintiff's experts relied. See [Defendants'] Memorandum of Law (Aug. 19, 2011) ("8/19/11 Mem."), D.E. #245 at 7-8. In the alternative, the Berardi defendants requested a compulsion order. See Affirmation in Support of Motion (Aug. 19, 2011) ("Goralski Aff.") ¶ 19, D.E. #245 at 5. Because the Berardi defendants' motion did not certify that their counsel had conferred with plaintiff's counsel prior to filing their discovery-related motion, this Court denied the 8/19/11 Motion

without prejudice.  See 8/19/11 M&O.  Thereafter, the September 15, 2011 deadline for completing expert depositions passed without the Berardi defendants resubmitting a proper motion to preclude or requesting an extension of discovery.

Rather than renewing their motion before the undersigned magistrate with the requisite meet-and-confer certification, the Berardi defendants wrote to the Honorable Sandra L. Townes on September 16, 2011, requesting that she strike the expert reports under Rule 12(f) of the FRCP.  See Letter by Matthew J. Conroy (Sept. 16, 2011) ("9/16/11 Def. Letter"), D.E. #247.  In their September 16 letter, the Berardi defendants acknowledged that they had made a similar application to the undersigned magistrate on August 19, but stated that this Court had "mischaracterized [the 8/19/11 Motion] as a discovery motion." Id. at 2.  In addition, the Berardi defendants also requested that Judge Townes stay discovery "pending determination of the motion." Id.  They did not, however, disclose to Judge Townes that the deadline for discovery had already passed.  See generally id.

In a Memorandum and Order issued on September 19, 2011, this Court denied defendants' September 16 letter-motion.  See 9/19/11 M&O at 2.  The undersigned magistrate judge admonished the Berardi defendants for, *inter alia*, having taken no steps in the intervening month to confer with plaintiff's counsel; having filed a second procedurally defective motion; and claiming that this Court had "mischaracterized [their 8/19/11 Motion] as a discovery motion," when in fact defendants had sought *either* a preclusion order *or* a compulsion order.  See id. at 1-2.  In addition, this Court denied defendants' request to "stay" discovery, which had already closed.  See id. at 2.

The next day, the Berardi defendants filed the pending formal motion to preclude.  See

generally Def. Mem. In their current motion, defendants raise essentially the same issues posed in their two previous motions. First, defendants seek to preclude expert information from all four of plaintiff's experts, on the ground that plaintiff failed to disclose the documentation upon which the experts relied. See id. at 1. The allegedly undisclosed documents were nerve conduction velocity ("NCV") test data from nonparty health providers that "exactly matched" NCV test data generated by the Berardi defendants. See Pl. Opp. at 2. Defendants contend that this failure to disclose the nonparty matching NCV tests prejudices their ability to rebut plaintiff's experts' opinions and thus defend against the claims in this case. See Def. Mem. at 4. Second, defendants seek to preclude expert evidence at trial on the ground that plaintiff improperly preselected the sample used by the experts. See id.

In an accompanying declaration in support of the instant motion, defense counsel stated the following:

> I have conferred with Plaintiff's counsel in a good faith effort to resolve this discovery issue, pursuant to Local Rule 37.3(a) and Rule 37(a)(1) of the Federal Rules of Civil Procedure, before seeking relief from the court; however, after conferring with Plaintiff's counsel in good faith I have not been able to resolve our issues without court action.

Conroy Decl. ¶ 12. Counsel provided no other details as to his discussions with his adversary or their efforts to resolve this issue.

On September 27, 2011, plaintiff filed its opposition to the Berardi defendants' motion. Contrary to the Berardi defendants' assertions, plaintiff claimed that "Allstate either produced, or offered to produce, every patient record in its possession that its experts considered in preparing their reports, before Allstate ever produced its expert reports -- indeed, before Allstate ever submitted the patient records to the expert witnesses[] themselves." Pl. Opp. at 2

(emphasis in original) (citing Levy Decl. ¶ 5 and detailing various dates and offers to defendants). Plaintiff further declared that, from the time plaintiff's expert reports were served on July 1, 2011 until August 19, 2011, defendants expressed no objection whatsoever regarding the expert disclosures, nor did they ask to review the matching NCV data, which had previously been offered for inspection. See Pl. Opp. at 3-4 (citing Levy Decl. ¶ 10). Moreover, according to plaintiff, following the denial of the 8/19/11 Motion, plaintiff's counsel spoke with Maria Diglio, an attorney for the Berardi defendants, and again offered to produce any documents that they did not already have, but Ms. Diglio never identified any materials that defendants needed. See Pl. Opp. at 4 (citing Levy Decl. ¶¶ 13-14). Plaintiff's counsel apparently later reiterated this offer to defendants' counsel, who "expressed no interest in either reviewing the records or having them produced." Pl. Opp. at 4 (citing Levy Decl. ¶ 14).

In light of plaintiff's particularized factual allegations undercutting the premise of the defense motion, this Court directed defendants to submit a reply, to include a "declaration from an attorney (or attorneys) with personal knowledge detailing, *inter alia*, the factual basis for the Berardi defendants' claim that their counsel met and conferred with plaintiff's counsel in good faith to resolve the issues raised by their motion." Order (Sept. 30, 2011), D.E. #257. The Court further directed that "the declaration should respond to the factual allegations set forth in plaintiff's opposition concerning plaintiff's multiple offers to provide the relevant discovery." Id.

On October 4, 2011, the Berardi defendants filed their reply to plaintiff's opposition. See Def. Reply. At the outset -- and for the first time -- defendants concede that plaintiff had

offered to provide them with the relevant documents. See id. at 2 ("The Assertion That Plaintiff Offered to Provide Relevant Documents Is Undisputed . . ."). Nevertheless, despite this concession, defendants also seem to argue that plaintiff did not disclose the entire set of "matching tests." Id. at 3. Finally, defendants contend that information from all four experts should be precluded because plaintiff did not identify the "matching test" documents in response to defendants' Interrogatory Request No. 27. See id. at 1-2.

## DISCUSSION

### I. Failure to Disclose Documents

As an initial matter, while defendants seek to preclude information from all four experts, see generally Def. Mot., defendants cite only one report as being based on supposedly undisclosed documents – i.e., a report by Dr. Randall L. Braddom (the "Braddom Report"). See id.; Def. Reply. Indeed, defendants advance no specific objection to any of the non-Braddom expert reports. See Pl. Opp. at 8; see generally Def. Mem.; Def. Reply.

The Berardi defendants' challenge to the Braddom Report is equally frivolous. As noted above, the Braddom Report was based, in part, on NCV test data generated by nonparty health providers that exactly matched NCV data generated by the Berardi defendants. It is this former group of nonparty "matching" NCV test data that defendants appear to suggest were not produced.

Prior to the filing of plaintiff's opposing papers on September 27, 2011, the Berardi defendants repeatedly and unequivocally accused plaintiff of failing to disclose the documents relied upon by Dr. Braddom:

- "Those records have not been exchanged in discovery." Conroy Decl. ¶ 10 (emphasis added).

- "This use of data which is unavailable to the defendant [sic] has unfairly prevents [sic] the defendant [sic] from obtaining rebuttal expert review." Goralski Aff. ¶ 16 (emphasis added).

- "Plaintiff's failure to provide disclosure of the records upon which the opinions were based prevents Defendants from having a reasonable opportunity to rebut the opinions of the experts." Conroy Decl. ¶ 11 (emphasis added).

- "The Plaintiff has submitted expert reports based on data which was [sic] taken from a sampling of medical records which were not exchanged in discovery and which the defendant does not have access to." 8/19/11 Mem. at 1 (emphasis added).

- "Plaintiffs [sic] have not provided copies of these records and their contents are unknown to Defendants." 9/16/11 Def. Letter at 1 (emphasis added).

In contrast to defendants' conclusory assertions, plaintiff's opposing papers specify multiple occasions on which plaintiff offered to provide defendants with the matching test data. See Pl. Opp. at 2. Once confronted with these facts, defendants were constrained to backpedal from their earlier accusations. Indeed, in their reply, defendants' position on what was or was not disclosed becomes so wilfully muddled that one cannot discern their current position with respect to the production of the "matching tests." Defendants open by claiming that "the availability of [] records is not the issue in dispute[,]" as plaintiff "[o]ffered to [p]rovide [r]elevant [d]ocuments[.]" Def. Reply at 1-2. Nevertheless, a few paragraphs later, defendants argue that they "were never provided with any matching tests that form the basis of Dr. Braddom's report." Id. at 2 (emphasis added).[1] In the same submission, defendants admit

---

[1] It is unclear how defendants can argue that documents that were made available for their review were not "provided." Cf. Rescuecom Corp. v. Chumley, 07-CV-690 (GTS/GHL), 2011 WL 1204758, at *12 n.22 (N.D.N.Y. Mar. 28, 2011) (denying defendants' request to
(continued…)

that the matching tests "remained undisclosed" until defendants were served with the expert reports on July 1, 2011, thus suggesting that the matching tests were, in fact, disclosed well prior to the due date for defendants' rebuttal expert disclosure. See id. at 3.

In any event, the uncontroverted assertions in the declaration of plaintiff's counsel make clear that plaintiff not only sent samples of the "matching tests" to the Berardi defendants in May 2011, but offered to provide the "entire set of matching data" on more than one occasion, weeks prior to the service of the Braddom Report. See Levy Decl. ¶ 5. Defendants do not dispute or even address this factual allegation in their reply. See generally Def. Reply. Nor do they respond to plaintiff counsel's allegation that he offered the entire set multiple times following this Court's denial of the 8/19/11 Motion. See Levy Decl. ¶¶ 13-14. Thus, it is undisputed that the entire set of "matching test" documents had been made available to the Berardi defendants to review both prior to and after the expert reports were served.

Defendants' silence on these points speaks volumes as to their motivation in filing this third in a series of baseless motions. More disconcerting than their silence are defendants' earlier assertions that these documents had not been produced, see *supra* pp. 7-8, which, even viewed in the best light, are certainly misleading. Equally troubling is defendants' failure to raise their objection with plaintiff (or the Court) until the same day defendants' expert reports

---

[1](…continued)
extend discovery where defendants had opportunity to review plaintiff's documents but declined to do so). Defendants cannot ignore plaintiff's offer to produce documents, only to later complain that such documents were never disclosed.

were due – a month and a half after defendants received the disputed reports.[2]

Not surprisingly, defendants' reply attempts to downplay the availability of these records and now suggests that their availability is not the issue. Instead, they now argue, the motion to preclude hinges on plaintiff's response to defendants' Interrogatory No. 27, served in 2009, which required plaintiff to "[i]dentify each and every item in Plaintiff's possession that supports the allegations that [the Berardi defendants] were involved in the allegations set forth in [] the Complaint regarding the provision of allegedly fraudulent [NCV] tests." Request for Interrogatories (Dec. 4, 2009) at 14, D.E. # 250-9. In their reply, defendants seem to suggest that a proper response to this vague and sprawling demand would have included not only a specific reference to the nonparty matching data but also item-by-item groupings of the nonparty data with the corresponding matching Berardi defendant data. See Def. Reply at 2 ("The proper response to such an interrogatory requires the disclosure and grouping of identical tests.") (emphasis added).

In response to Interrogatory No. 27, plaintiff interposed a series of general objections, characterizing the Interrogatory as, *inter alia*, "vague, overly broad and unduly burdensome;" demanding information protected as work product; and a premature contention interrogatory. See Plaintiff's Responses and Objections to Interrogatories at 25, D.E. # 250-10. Plaintiff nevertheless stated that it was prepared to disclose billing and supporting documentation in its possession. Plaintiff argues that this was an appropriate response to Interrogatory No. 27,

---

[2] Another aspect of defendants' strategem is their September 16 letter to Judge Townes, which was a transparent attempt to bypass this Court's August 19 ruling that defendants certify that they conferred with plaintiff in good faith.

-10-

which did not relate to expert disclosure but merely sought to connect these specific defendants with the allegations of fraud. See Pl. Opp. at 12.

This Court agrees. Interrogatory No. 27 did not require plaintiff, in early 2010, to identify all documents to be relied upon by their experts in July 2011. See Foti v. Eli Lilly & Co., Nos. 05-CV-1455 (JBW) et al., 2008 WL 2858617, at *1-2 (E.D.N.Y. July 22, 2008) (sustaining objections to unduly burdensome contention interrogatories that prematurely sought information more properly the subject of expert disclosure). To the extent that the test data could be construed as falling within Interrogatory No. 27, defendants should not now be heard to complain, since they obtained the requisite information when the nonparty "matching tests" documents were made available to them. Cf. Advanced Fiber Techs. Trust v. J & L Fiber Servs., Inc., No. 07-CV-1191 (LEK/DRH), 2010 WL 1930569, at *9 (N.D.N.Y. May 11, 2010) (denying motion to strike; although, strictly speaking, defendant should have supplemented its responses to interrogatories, the information at issue was made available through expert reports and deposition testimony). The fact that the Berardi defendants declined to take possession of or even review this supplemental information does not change this result.

Furthermore, defendants' contention that plaintiff should have identified the nonparty data and grouped it with the corresponding Berardi defendant data is without merit. The language of the interrogatory asks plaintiff to "identify," not match, the documents, and defendants cite no authority that requires plaintiff to exceed the disclosure specifically demanded. See R.F.M.A.S., Inc. v. So, 271 F.R.D. 13, 44 ("A responding party has only a limited obligation to organize requested documents in the manner preferred by the requesting

-11-

party, and the Federal Rules evince a concern that discovery tools not be used to unduly shift the burden of analyzing evidence from the requesting party to the responding party. Thus, to the extent that plaintiff sought to have defendants re-sort evidence that they had already produced in order to present a photo of each piece of jewelry with the corresponding sales data, such a request would be counter to the spirit of the discovery system created by the Federal Rules.") (citations omitted), *adopted,* 271 F.R.D. 55 (S.D.N.Y. 2010) . In any event, as stated above, Request No. 27 does not relate to documents relied upon by experts. Had defendants desired precise identification of the matching pairs of NCV tests, they could have deposed Dr. Braddom on that issue prior to the expiration of the September 15, 2011 deadline, but they declined to do so.

Accordingly, the motion to preclude based on failure to disclose documents and/or respond to Interrogatory No. 27 is denied.

## II.  Impermissible Sampling

The Berardi defendants also seek to preclude information from the four experts on the ground that their reports are based on "improper sampling." Def. Mot. at 4 ("In essence[,] the Plaintiff preselected the sample for the expert, which is an unacceptable method of sampling for any expert to rely upon.") (citing Rowe Entm't, Inc. v. William Morris Agency, Inc., No. 98 Civ. 8272, 2003 WL 22124991 (S.D.N.Y. Sept. 15, 2003)). Defendants' reliance on Rowe is unavailing, as it neither holds nor suggests that all preselected samples are impermissible. See id. at *2. Even if it did, it would have no application to this case, as the sample was selected not by plaintiff or its counsel but by an independent expert retained by plaintiff. See Pl. Opp. at 10-11 (collecting cases). Therefore, defendants' "impermissible

sampling" challenge is as makeweight as their discovery argument.[3]

## CONCLUSION

For the foregoing reasons, the Berardi defendants' frivolous motion to preclude is denied in its entirety. Furthermore, as discovery has closed, and the Berardi defendants have not established good cause for modifying the discovery schedule, see Fed. R. Civ. P. 16(b)(4), they may not depose plaintiff's experts or serve plaintiff with their own expert disclosure.

Any objections to the rulings contained in this Memorandum and Order must be filed with the Honorable Sandra L. Townes on or before **November 7, 2011**. Failure to file objections in a timely manner may waive a right to appeal the District Court order.

The Clerk is directed to enter this Memorandum and Order into the ECF system.

**SO ORDERED.**

**Dated:    Brooklyn, New York
         October 20, 2011**

                                          **ROANNE L. MANN
                                         UNITED STATES MAGISTRATE JUDGE**

---

[3] Although this Court previously held that defendants' sampling argument should be made pursuant to *Daubert* motion, see 8/19/11 M&O at 2 n.2; see also Rowe, 2003 WL 22124991, at *1 (sampling challenged in *Daubert* motion), defendants opted not to make a *Daubert* motion but instead recycled their baseless discovery challenge in slightly altered form. Rather than invite a fourth round of vexatious litigation, this Court disposes of the sampling argument herein.